UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.:

MARIO A. IZAGUIRRE
and other similarly situated individuals,

    Plaintiff (s),

v.

PROJECT V INC.,
d/b/a BRAVO ELECTRONICS OUTLET
a/k/a BRAVO ELECTRONICS, INC.,
SHLOMO VAKNINE, and
PINI VAKNINE, individually
    Defendants,

_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b)

COMES NOW the Plaintiff MARIO A. IZAGUIRRE by and through the undersigned counsel, and hereby sues Defendants PROJECT V INC., d/b/a BRAVO ELECTRONICS OUTLET, a/k/a BRAVO ELECTRONICS, INC., and SHLOMO VAKNINE, and PINI VAKNINE individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid minimum, and overtime wages, and for retaliation under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. At all times material hereto Plaintiff MARIO A. IZAGUIRRE is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court.  Plaintiff is a covered employee for purposes of the Act.

3. Defendant PROJECT V INC., d/b/a BRAVO ELECTRONICS OUTLET, a/k/a BRAVO ELECTRONICS, INC. (hereinafter BRAVO ELECTRONICS) is a Florida corporation, having its main place of business in Broward County, Florida, where the Plaintiff worked. The Defendants were and are engaged in interstate commerce.

4. The individual Defendants SHLOMO VAKNINE and PINI VAKNINE are the owners/partners/officers and managers of BRAVO ELECTRONICS. The Defendants SHLOMO VAKNINE and PINI VAKNINE had operational control of the business and they are the employers of Plaintiff within the meaning of 29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Broward County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff MARIO A. IZAGUIRRE brings this collective action for overtime compensation and other relief under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.,* on behalf of himself and other similarly situated employees of Defendants.

7. This cause of action is brought by Plaintiff as a collective action to recover from the Defendants minimum wages, overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after May 2017, (the "material time") without being compensated overtime wages pursuant to the FLSA.

8. Corporate Defendant BRAVO ELECTRONICS is a retail business selling computers, audio, visual, communication equipments, and electronic gadgets. The Defendant operates

   a store at the Sawgrass Mills mall located at 12801 W Sunrise Blvd, Sunrise, Florida, 33323, where Plaintiff worked.

9. Defendants BRAVO ELECTRONICS, SHLOMO VAKNINE, and PINI VAKNINE employed Plaintiff MARIO A. IZAGUIRRE from approximately January 2010, through March 18, 2020, or more than 10 years.  However, for FLSA purposes, Plaintiff's relevant period of employment is 115 weeks.

10. Plaintiff was hired as a full-time inside salesman working in the showroom of BRAVO ELECTRONICS located at the Sawgrass Mills mall.

11. During his time of employment with Defendants, Plaintiff had a mandatory, regular schedule, Plaintiff worked 7 days per week, from Monday to Sunday. Plaintiff worked from Monday to Saturday from 9:30 AM to 6:00 PM (8.5 hours each day).  On Sunday, Plaintiff worked from 10:00 AM to 4:00 PM (6 hours). The Plaintiff worked a minimum average of 57 hours weekly. The Plaintiff did not take bonafide lunch periods.

12. The Plaintiff was paid on a "commissions only" payment plan, with an established commission settlement period of 1 week.

13. Defendants set a fixed commission of 30% over Plaintiff's total sales. Plaintiff did not have other compensation besides his commissions.

14. The Plaintiff worked a minimum of 57 hours weekly, he was paid entirely by commissions, and he was not paid for overtime hours.

15. However, during 2018, 2019, and 2020, Plaintiff's total earned commissions attributed to the pay period (1 week) divided by the 57 hours worked, did not exceed one-half times the applicable minimum wage for every hour worked in a workweek.

16. As a result, the conditions of the exemption have not been met, and Section 7(i) exemption is not applicable. The Plaintiff must be paid an overtime premium for all hours worked over 40 in a workweek, at the overtime rate of time and one-half his regular rate of pay. Plaintiff is owed overtime wages for the years 2018, 2019, and 2020.

17. In addition, during 11 weeks of 2020, Plaintiff earned commissions for an average of $347.91 weekly, which divided by the 57 hours worked in every week resulted in a regular rate of $6.11, well below the required minimum wage rate for 2020.

18. Regardless of the Defendants' payment plan arrangements, Plaintiff was a commission-based inside salesperson, and he was entitled to be paid at least time and one-half the minimum wage rate for all hours worked in a week period, as required by the Fair Labor Standard Act.

19. Defendants did not maintain any time-keeping method, but they were able to monitor the hours worked by the Plaintiff and other similarly situated individuals. Defendants did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid.

20. Plaintiff was paid weekly with checks and paystubs that did not show the number of days and hours worked, the percentage of commissions paid, etc.

21. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). Defendants also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

22. Plaintiff did not return to work after the quarantine period established by Broward County, (approximately March 18, 2020),

23. Plaintiff is not in possession of time and payment records. However, the Plaintiff will provide a preliminary Statement of Claim based on W-2 forms (Wage and Tax Statement") for 2018, and 2019, and also based on 1 paystub dated March 2020, showing Plaintiff's earnings accumulated for 2020. Plaintiff will amend his Statement of Claim, after proper discovery.

24. Plaintiff MARIO A. IZAGUIRRE seeks to recover overtime and minimum wages for the relevant period, liquidated damages, and any other relief as allowable by law.

25. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

26. Plaintiff MARIO A. IZAGUIRRE re-adopts every factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

27. This action is brought by Plaintiff MARIO A. IZAGUIRRE and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek

longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

28. The employer BRAVO ELECTRONICS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retailer of electronic audio-visual, and communications equipment. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage

29. Plaintiff was employed by an enterprise engaged in interstate commerce and through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated directly in interstate business, by handling goods and materials that were moved across State lines at any time in the course of business, and by completing credit card transactions. Therefore, there is individual coverage.

30. Defendants BRAVO ELECTRONICS, SHLOMO VAKNINE, and PINI VAKNINE employed Plaintiff MARIO A. IZAGUIRRE from approximately January 2010, through

March 18, 2020, or more than 10 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 115 weeks.

31. Plaintiff was hired as a full-time inside salesman working in the showroom of BRAVO ELECTRONICS located at the Sawgrass Mills mall.

32. During his time of employment with Defendants, Plaintiff had a mandatory, regular schedule, Plaintiff worked 7 days per week a minimum average of 57 hours weekly. The Plaintiff did not take bonafide lunch periods.

33. The Plaintiff was paid on a "commissions only" payment plan, with an established commission settlement period of 1 week.

34. Defendants set a fixed commission of 30% over Plaintiff's total sales. Plaintiff did not have other compensation besides his commissions.

35. During 2018, 2019, and 2020, Plaintiff's total earned commissions attributed to the pay period (1 week) divided by the 57 hours worked, did not exceed one-half times the applicable minimum wage for every hour worked in a workweek.

36. As a result, the conditions of the exemption have not been met, and Section 7(i) exemption is not applicable. The Plaintiff must be paid an overtime premium for all hours worked over 40 in a workweek, at the overtime rate of time and one-half his regular rate of pay. Plaintiff is owed overtime wages for the years 2018, 2019, and 2020.

37. Defendants did not maintain any time-keeping method, but they were able to monitor the hours worked by the Plaintiff and other similarly situated individuals. Defendants did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid.

38. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).
39. Plaintiff was paid weekly with checks and paystubs that did not show the number of days and hours worked, the percentage of commissions paid, etc.
40. The records, if any, concerning the number of hours, worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. Nevertheless, upon information and belief, Defendants did not keep any time-keeping method and did not maintain accurate records.
41. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.
42. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.
43. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.
44. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

   *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
   *Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

      Twenty-Nine Thousand Two Hundred Seventy-Four Dollars and 68/100 ($29,274.68)

   b. <u>Calculation of such wages</u>:

    Total period of employment: More than 10 years
    Total relevant weeks: 115
    Total Number of hours worked: 57 hours weekly
    Total number of unpaid O/T hours: 17 hours weekly.

**1.- Unpaid Overtime 2018 = 52 weeks**

    Total relevant weeks of employment:  52 weeks
    Total hours worked: 57 hours weekly
    Unpaid O/T hours: 17 hours weekly
    W-2 form: 34,101.20:52 weeks= $655.80 weekly: 57 hours weekly=$11.51
    Regular rate: $11.51 x 1.5=$17.27 O/T rate

    O/T rate $17.27 x 17 hours=$293.59 weekly x 52 weeks=$15,266.68

**2.- Unpaid Overtime 2019 = 52 weeks**

    Total relevant weeks of employment:  52 weeks
    Total hours worked: 57 hours weekly
    Unpaid O/T hours: 17 hours weekly
    W-2 form: 25,927.20:52 weeks= $498.60 weekly:57 hours weekly=$8.75
    Regular rate: $8.75 x 1.5= $13.13 O/T rate

    O/T rate $13.13 x 17 hours=$223.21 weekly x 52 weeks= $11,606.92

**3.- Unpaid Overtime 2020 = 11 weeks**

    Total relevant weeks of employment:  11 weeks
    Total hours worked: 57 hours weekly
    Unpaid O/T hours: 17 hours weekly
    Earnings 2020: 3,827.00:11 weeks= $347.91 weekly:57 hours weekly=$6.11
    FL Minimum wage 2020 $8.56 x 1.5=$12.84 O/T rate

    O/T rate $12.84 x 17 hours=$218.28 weekly x 11 weeks=$2,401.08

    Total #1, #2 and #3= $29,274.68

  c. <u>Nature of wages (e.g. overtime or straight time):</u>

    This amount represents the unpaid overtime.

45. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours

Page **9** of **17**

provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

46. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

47. At the times mentioned, individual Defendants SHLOMO VAKNINE and PINI VAKNINE were the owners/officers and managers of Defendant Corporation BRAVO ELECTRONICS. Individual Defendants SHLOMO VAKNINE and PINI VAKNINE were the employers of Plaintiff and others similarly situated, within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interest of BRAVO ELECTRONICS in relation to its employees including Plaintiff and others similarly situated. Individual Defendants SHLOMO VAKNINE and PINI VAKNINE had total financial and operational control of the Corporation, determining Plaintiff's employment terms and conditions of employment and they are jointly and severally liable for Plaintiff's damages

48. Defendants BRAVO ELECTRONICS, SHLOMO VAKNINE, and PINI VAKNINE willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment, as set forth above.

49. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARIO A. IZAGUIRRE and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Defendants BRAVO ELECTRONICS, SHLOMO VAKNINE, and PINI VAKNINE based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked more than forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff MARIO A. IZAGUIRRE and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTSS

50. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

51. The employer BRAVO ELECTRONICS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retailer of electronic audio-visual, and communications equipment. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage

52. Plaintiff was employed by an enterprise engaged in interstate commerce and through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated directly in interstate business, by handling goods and materials that were moved across State lines at any time in the course of business, and by completing credit card transactions. Therefore, there is individual coverage.

53. This action is brought by the Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods

for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

54. Defendants BRAVO ELECTRONICS, SHLOMO VAKNINE, and PINI VAKNINE employed Plaintiff MARIO A. IZAGUIRRE from approximately January 2010, through March 18, 2020, or more than 10 years.  However, for FLSA purposes, Plaintiff's relevant period of employment is 115 weeks.

55. Plaintiff was hired as a full-time inside salesman working in the showroom of BRAVO ELECTRONICS located at the Sawgrass Mills mall.

56. During his time of employment with Defendants, Plaintiff had a mandatory, regular schedule, Plaintiff worked 7 days per week a minimum average of 57 hours weekly. The Plaintiff did not take bonafide lunch periods.

57. The Plaintiff was paid on a "commissions only" payment plan, with an established commission settlement period of 1 week.

58. Defendants set a fixed commission of 30% over Plaintiff's total sales. Plaintiff did not have other compensation besides his commissions.

59. However, during 11 weeks of 2020, Plaintiff earned a weekly average of $347.91 of commissions, which divided by the 57 hours worked in every week resulted in a regular rate of $6.11, well below the required minimum wage rate for 2020.

60. There is a substantial number of hours that were not compensated at the minimum wage rate as established by the FLSA.

61. Regardless of the Defendants' payment plan arrangements, Plaintiff was a commission-based inside salesperson, and he was entitled to be paid at least the minimum wage rate for regular hours worked in a week period, as required by the Fair Labor Standard Act.

62. Defendants did not maintain any time-keeping method, but they were able to monitor the hours worked by the Plaintiff and other similarly situated individuals. Defendants did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid.

63. Plaintiff was paid weekly with checks and paystubs that did not show the number of days and hours worked, the percentage of commissions paid, etc.

64. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

65. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by the Plaintiff and other similarly situated individuals

66. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

67. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.

68. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

69. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

    *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
    Florida's minimum wage in 2020 is $8.56, which is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

       One Thousand Seventy-Eight Dollars and 00/100 ($1,078.00)

    b. <u>Calculation of such wages</u>:

       Total relevant weeks:  11 weeks in 2020
       Total hours worked: 57 hours per week
       Wage rate paid: $6.11
       Florida minimum wage 2020: $8.56 an hour-$6.11 rate paid=$2.45 difference

       Min. wage difference $2.45 x 40 hours= $98.00 weekly x 11 weeks=$1,078.00

    c. <u>Nature of wages</u>:

       This amount represents unpaid minimum wages at Florida rate.

70. The Defendants unlawfully failed to pay minimum wages to Plaintiff.  Plaintiff seeks to recover for minimum wage violations accumulated during his relevant time of employment.

71. The Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

72. At the times mentioned, individual Defendants SHLOMO VAKNINE and PINI VAKNINE were the owners/officers and managers of Defendant Corporation BRAVO ELECTRONICS.  Individual Defendants SHLOMO VAKNINE and PINI VAKNINE

were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interest of BRAVO ELECTRONICS in relation to its employees including Plaintiff and others similarly situated. Individual Defendants SHLOMO VAKNINE and PINI VAKNINE had total financial and operational control of the Corporation, determining Plaintiff's employment terms and conditions of employment and they are jointly and severally liable for Plaintiff's damages

73. Defendants BRAVO ELECTRONICS, SHLOMO VAKNINE, and PINI VAKNINE willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages as set forth above.

74. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARIO A. IZAGUIRRE respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants BRAVO ELECTRONICS, SHLOMO VAKNINE, and PINI VAKNINE based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Federal Law.

## JURY DEMAND

Plaintiff MARIO A. IZAGUIRRE and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

DATED: June 19, 2020

                                      Respectfully submitted,

                                      By: **/s/ Zandro E. Palma**
                                      ZANDRO E. PALMA, P.A.
                                      Florida Bar No.: 0024031
                                      9100 S. Dadeland Blvd.
                                      Suite 1500
                                      Miami, FL 33156
                                      Telephone: (305) 446-1500
                                      Facsimile:  (305) 446-1502
                                      zep@thepalmalawgroup.com
                                      *Attorney for Plaintiff*